UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEANNA R. DEVRIES-MACDOUGLE, | CASE NO. 2:26-cv-00103-TL |
| Plaintiff, | ORDER |
| v. | |
| SKAGIT COUNTY, a municipal corporation, et al., | |
| Defendants. | |

This matter is before the Court on its own motion.

The Court acknowledges receipt of Plaintiff's "Status Report and Response to Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement." Dkt. No. 15. Plaintiff asks the Court to accept this filing "as Plaintiff's good-faith compliance with Paragraph 19 of the Court's Scheduling Order[.]" *Id.* ¶ 27.

As Plaintiff points out, the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement provides:

> If, on the due date of the Report, all Defendant(s) or Respondent(s) have not been served (or waived service), Counsel

ORDER – 1

> for Plaintiff(s) or Petitioner(s) shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

Dkt. No. 12 ¶ 19.

The joint status report deadline set by the Court is April 17, 2026. At this time, Plaintiff's status report is premature, as the deadline remains two weeks away. Amended summonses have been issued (Dkt. No. 16), and Plaintiff indicates her intention to "promptly effect service upon all named Defendants . . . ." Dkt. No. 15 ¶ 17. Moreover, all named Defendants already have notice of this action: Attorney Frederick A. Haist appeared on behalf of all Defendants named in the original complaint on January 15, 2026 (Dkt. No. 4), and the only new defendant named in the Amended Complaint is Frederick A. Haist (*see* Dkt. No. 13). Accordingly, a possibility remains that the parties may meet the deadline the Court has set. If not, Plaintiff may refile an updated status report on the due date.[1]

Finally, the Court notes that the status report Plaintiff submitted includes multiple concerning misstatements of legal authority. In asserting "Courts have consistently held that Rule 26(f) obligations do not attach until defendants have been properly served and have entered an appearance," Plaintiff cites two apparently irrelevant cases. *See* Dkt. No. 15 ¶ 11.[2] Plaintiff

---

[1] The Court recognizes the logistical challenges such a precise deadline might pose for a litigant who is not participating in e-filing. Should Plaintiff opt to submit a status report by mail, the Court will consider any filing postmarked the week beginning April 13, 2026, regardless of when it arrives, to be timely filed but not premature.

[2] *Lindell v. Houser*, 442 f.3d 1033, 1035 (7th Cir. 2006) affirms a grant of summary judgment on a constitutional issue. The opinion includes substantive rulings on Eighth Amendment questions and also addresses the plaintiff's entitlement to a court-appointed lawyer. The Court can discern no basis for Plaintiff's assertion that this case "note[s] that discovery obligations arise only after a defendant is properly before the court." Similarly, *Petrucelli v. Bohringer & Ratzinger*, 46 F. 3d 1298, 1310 (3d Cir. 1995) does not, as Plaintiff asserts, "discuss[] the interplay between service and discovery of process." See Dkt. No. 15 ¶ 11. While that opinion does address both a service of process deadline, and separately, a discovery dispute, those issues involve different defendants and there is no "interplay" between them. The cited page recounts the factual background of a discovery dispute and has no relevance to service of process at all. See 46 F. 3d at 1310 (3d Cir. 1995)

ORDER – 2

professes to acknowledge her duties under Rule 11 (*see* Dkt. No. 8 at 2), and the Court reminds her of those duties now. *See* Rule 11(b).

Accordingly, it is hereby ORDERED:

(1)    Plaintiff's request for the Court to consider her obligations under the scheduling order fulfilled is DENIED.

(2)    Plaintiff's request that the Court to hold currently pending deadlines in abeyance is DENIED. Any renewed request to extend these deadlines SHALL propose specific dates for any proposed deadlines.

(3)    Plaintiff is ADVISED that any future citations to legal authority are expected to be made with care, be accurate to the best of her ability, and not misrepresent the authorities she cites.

Dated this 3rd day of April, 2026.

Tana Lin
United States District Judge

ORDER – 3